IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 09-CR-013-2-JFH |
| RICHARD CLARK, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is Defendant Richard Clark's ("Defendant") Motion for Issuance of a Writ of Error Coram Nobis ("Motion"). Dkt. No. 628. Defendant's Motion asks the Court for the extraordinary relief of a writ of error coram nobis overturning his conviction in this matter. *Id*. For the reasons set forth below, Defendant's Motion [Dkt. No. 628] is **DENIED**.

### BACKGROUND

#### A. The Caveat and Forfeiture

This action, and the claims Defendant raises in his Motion, have an extensive and prolonged history beginning nearly fifteen (15) years ago. In July of 2007, as a result of an investigation into a "pump and dump" securities fraud scheme, the United States of America ("Government") placed a caveat on Defendant's residence upon information and belief that the residence was subject to forfeiture to the United States.[1] *United States v. Clark*, 717 F.3d 790, 797 (10th Cir. 2013). Defendant learned of the caveat in July 2008 when he attempted to borrow against the equity in his residence to obtain funds to retain counsel. *Id.* at 797. The Government

---

[1] "Caveat" is defined as "[a] warning or proviso." *United States v. Clark*, 717 F.3d 790, 797 (10th Cir. 2013) (citing *Black's Law Dictionary* 252 (9th ed. 2009)).

temporarily lifted the caveat on Defendant's residence in June 2009 to allow Defendant to renew an existing loan on his residence, and then, by agreement, reimposed it in July 2009. *Id.* at 798. On October 2, 2009, the Government permanently released the caveat on Defendant's home. *Id.* Then, on September 15, 2010, the Court ordered criminal forfeiture on the residence, finding that certain payments for remodeling and mortgage were proceeds traceable to the conspiracy. *Clark*, 717 F.3d at 804; Dkt. No. 313.

### B. The Indictment and Trial

On January 15, 2009, a federal grand jury returned an indictment charging Defendant with twenty-one (21) separate criminal offenses, consisting of counts of conspiracy, wire fraud, securities fraud, and money laundering. Dkt. No. 2. Following a fifteen (15) day jury trial, Defendant was convicted of fourteen (14) counts and sentenced to 151 months of imprisonment. Dkt. No. 223; Dkt. No 319.

### C. Post-Conviction Relief

On May 17, 2010, Defendant filed a Motion for Acquittal Notwithstanding the Verdict and Motion for New Trial ("Motion for Acquittal"). Dkt. No. 234. In his motion, Defendant argued, among other issues, the identical argument that he raises here: that the pretrial caveat placed on his residence violated his Sixth Amendment right to counsel of choice. *Id*. at 7-9. Defendant's Motion for Acquittal was denied. Dkt. No. 246.

On November 12, 2010, Defendant directly appealed his conviction to the Tenth Circuit and raised, among other issues, the identical argument that he raises here: that the pretrial caveat placed on his residence violated his Sixth Amendment right to counsel of choice. Dkt. No. 328; *Clark*, 717 F.3d at 798-804. The Tenth Circuit affirmed Defendant's conviction. Dkt. No. 502; *Clark*, 717 F.3d at 823. In doing so, the Tenth Circuit expressly rejected Defendant's constitutional

challenges to the Government's imposition of a caveat on his residence. *Clark,* 717 F.3d at 804, 823. Specifically, the Tenth Circuit rejected Defendant's assertion that the Government's caveat "violated [Defendant's] constitutional rights to due process and a fair trial," and rendered him "unable to pay for chosen counsel [or] . . . to secure a loan against his house for the same purpose." *Id*. at 798-99. The Tenth Circuit found that although Defendant learned of the caveat in July 2008, Defendant did not raise the issue of infringement on his Sixth Amendment right to counsel of choice at any time through the trial in April 2010 and, consequently, waived any claims related to the imposition of the caveat. *Id*. at 801-3. The *Clark* Court also found that Defendant had "not demonstrated that he was denied access to funds to pay for his defense in any substantial sense . . ." and that "nothing in the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay . . . legal fees." *Id*. at 804 (internal quotations and citations omitted). Defendant filed a petition for certiorari review with the United States Supreme Court, which was denied. *Clark v. United States*, 134 S. Ct. 903 (2014).

Next, Defendant filed a motion to vacate the judgment of conviction under 28 U.S.C. § 2255. Dkt. No. 513. Again, among other issues, Defendant set forth the same argument that he raises here: that the pretrial caveat placed on his residence violated his Sixth Amendment right to counsel of choice. *Id*. at 4. Defendant's motion was denied, finding that "because the Sixth Amendment right to appointed counsel does not extend to forfeiture matters, there can be no right of effective assistance of counsel in such matters." Dkt. No. 551 at 4. Defendant then filed a motion for certificate of appealability ("COA") "on the issue of whether the pre-indictment seizure of assets, with no probable cause finding, causing him to be denied his counsel of choice and competent counsel, violates the Fifth and Sixth Amendment to the United States Constitution, requiring the conviction and sentence to be overturned." Dkt. No. 565 at 11. Defendant's motion

for COA was denied. Dkt. No. 570. Despite the denial of a COA from this Court, Defendant filed a notice of appeal to the Tenth Circuit. Dkt. No. 575. The Tenth Circuit dismissed Defendant's appeal finding that "reasonable jurists could not disagree with the district court's conclusion that [Defendant] has no right to have counsel assist him in disputing the government's placement of a caveat on this residence." Dkt. No. 591 at 4. The Tenth Circuit further noted that where an "argument was raised and rejected on direct appeal" the argument "cannot be considered on a § 2255 collateral attack absent an intervening change of law . . . which [Defendant] has not offered us here." *Id*. at 5 (citing *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989)).

Defendant next filed a "Motion for Relief from the Orders dated May 11, 2015 (Doc. 551), October 6, 2015 (Doc. 570), and the Judgment dated May 11, 2015 (Doc. 552)"[2] purportedly seeking relief under Federal Rule of Civil Procedure 60(b)(6). Dkt. No. 603 at 1. Defendant's motion was denied by minute order. Dkt. No. 604. Defendant appealed. Dkt. No. 605. Upon review, the Tenth Circuit determined that Defendant's motion [Dkt. No. 603] was nothing more than an attempted successive § 2255 motion and, therefore, interpreted Defendant's appeal as an implied request for authorization to file a successive § 2255 motion. Dkt. No. 614. The Tenth Circuit denied such relief on the basis that this § 2255 motion repeats the same arguments that Defendant advanced in his first § 2255 motion: that the pretrial caveat placed on his residence violated his Sixth Amendment right to counsel of choice. *Id*. at 10.

Defendant completed his term of incarceration on January 18, 2021. Dkt. No. 628 at 2. On March 25, 2022, Defendant filed the instant Motion seeking the issuance of a writ of error coram nobis. *Id*.

---

[2] These Orders denied Defendant's § 2255 motion and COA.

**STANDARD**

The issuance of a writ of error coram nobis is authorized by 28 U.S.C. § 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A writ of error corum nobis is an extraordinary remedy and may only issue under the most compelling circumstances. *United States v. Morgan*, 346 U.S. 502, 511 (1954). "Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be 'allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'" *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (quoting *Morgan*, 346 U.S. at 511). In other words, a writ will not issue unless the petitioner shows that the underlying error resulted in a "complete miscarriage of justice." *United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994) (holding that the coram nobis petitioner must assert actual innocence); *see also Klein,* 880 F.2d at 253 ("[T]he burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice."). The United States Supreme Court has observed that under this strict standard, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal citations and quotations omitted).

Additionally, a writ of coram nobis is only available when other remedies and forms of relief are unavailable or inadequate. *See Morgan,* 346 U.S. at 512, 74 S.Ct. 247. "[C]oram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition." *Klein,* 880 F.2d at 254, n.1 (internal citations omitted); *see also United States v. Schreier*, 81 F.3d 173 (10th Cir. 1996) (unpublished) (holding that a writ of coram nobis is unavailable to relitigate issues already litigated); *Embray v. United States*, 240 Fed. Appx.

791, 794 (2007) (unpublished) (holding that a writ of coram nobis may not be employed to litigate issues that have been raised on direct appeal or in other, collateral litigation).[3] "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack . . . ." *Prichard*, 875 F.2d at 791 (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)).

## ANALYSIS

Defendant's Motion argues that he was deprived of his Sixth Amendment right to choice of counsel "based upon the Government's seizure of [Defendant's] home without notice or hearing . . ." which "resulted in [Defendant's] denial of counsel of choice . . . ." Dkt. No. 628 at 1, 15. Specifically, Defendant argues that the caveat the Government placed on his residence prevented him from borrowing against the equity in his home and, therefore, prevented him from accessing funds necessary to retain his counsel of choice, Thomas Seymour. *Id*. at 13. This is the same argument Defendant has advanced in multiple attempts at post-conviction relief. For this reason, Defendant's claims asserted in his Motion are procedurally barred.

A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is no longer available. *See Morgan*, 346 U.S. at 512 (holding that coram nobis relief is available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief). The claims Defendant asserts in his Motion could have been—and actually were brought—by direct appeal to the Tenth Circuit. *Clark,* 717 F.3d 790. Likewise, it is clear that the grounds for relief asserted in Defendant's Motion were known prior to the

---

[3] "Unpublished opinions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A), 28 U.S.C.; *see also United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

completion of his sentence as Defendant asserted these grounds in numerous post-conviction filings prior to the completion of his sentence. *Id*. This case falls squarely within the procedural bar against using the writ of coram nobis to relitigate the underlying conviction, appeal, and collateral proceedings in a criminal case. *See Klein,* 880 F.2d at 254, n. 1; *see also Schreier*, 81 F.3d 173 at *2.

As the recitation of the procedural history of this matter makes abundantly clear, prior to filing the instant Motion, Defendant has made several attempts to collaterally attack his conviction on the basis that the pretrial caveat placed on his residence violated his Sixth Amendment right to counsel of choice, including the Motion for Acquittal, the § 2255 motion, the second attempted § 2255 motion, and on direct appeal to the Tenth Circuit. Dkt. Nos. 234, 328, 513, 565, 575, 603, 605; *Clark*, 717 F.3d 790. Each time, Defendant was unsuccessful. Dkt. Nos. 246, 502, 551, 570, 591, 604, 614; *Clark*, 717 F.3d 790. The issue of whether Defendant was deprived of his Sixth Amendment right to counsel of choice has already been litigated and decided by both this Court and the Tenth Circuit Court of Appeals. *Id.* Additionally, Defendant does not allege, and this Court is not aware of, any intervening change in the law or newly discovered evidence that would demonstrate that Defendant's conviction must be overturned to achieve justice. *See Prichard*, 875 F.2d at 791. Defendant's mere lack of success in his previous attempts at post-conviction relief does not entitle him to a writ of error coram nobis. Case law makes certain that Defendant cannot use the extraordinary remedy of coram nobis as a means to rehash arguments. *Klein*, 880 F.2d at 253. Because the claims Defendant asserts in his Motion have been previously ruled on, the ends of justice would not be served by ruling on the merits of these same claims again. *See e.g., Sanders v. United States*, 373 U.S. 1, *15 (1963).

Even assuming the Defendant is not attempting to relitigate matters addressed and disposed of in his § 2255 motions and on direct appeal to the Tenth Circuit, he has failed to allege any error of a fundamental character that would warrant coram nobis relief. The Tenth Circuit has explained that a writ of error coram nobis is used to "attack a judgment that was infirm [at the time it issued], for reasons that *later* came to light." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (emphasis added) (internal citations omitted). As discussed *supra*, Defendant has failed to demonstrate any intervening change in the law or newly discovered evidence that would indicate that Defendant's conviction must be overturned to achieve justice.

## CONCLUSION

The grounds presented in Defendant's Motion to set aside his criminal conviction have been previously presented and decided adversely to him in numerous post-conviction filings, including upon direct appeal to the Tenth Circuit. Therefore, a writ of error coram nobis cannot now be used to set aside Defendant's conviction. Furthermore, even if his claim were procedurally proper, Defendant has failed to allege an error of fundamental character that would warrant issuance of a writ of error coram nobis. Therefore, denial of Defendant's Motion is appropriate.

**IT IS THEREFORE ORDERED** that Defendant Richard Clark's Motion for Issuance of a Writ of Error Coram Nobis [Dkt. No. 628] is **DENIED**.

Dated this 26th day of April 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE