# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 09-CR-013-JFH-02 |
| **RICHARD CLARK,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court are two motions:  1) a Motion to Vacate Sentence to Remedy the United States Fraud Upon the Court and Due Process Violation ("Motion to Vacate") filed by Defendant Richard Clark ("Defendant") [Dkt. No. 643]; and 2) a Motion to Dismiss Defendant's Rule 60 Motion ("Motion to Dismiss") filed by the United States of America ("Government") [Dkt. No. 646].  For the following reasons, the Motion to Vacate [Dkt. No. 643] is dismissed and the Motion to Dismiss [Dkt. No. 646] is granted.

## BACKGROUND

The background of this case is extensive, dating back to a federal investigation that began in 2007.  This Court has thoroughly outlined this case's background and history in its Opinion and Order at Dkt. No. 631 and, therefore, incorporates by reference the background section set forth in Dkt. No. 631 as if fully set forth herein.[1]

---

[1] The Court adds that Defendant filed a notice of appeal on June 8, 2022 as to this Court's Opinion and Order at Dkt. No. 631.  Dkt. No. 635.  The Tenth Circuit dismissed Defendant's appeal upon his motion for voluntary dismissal of appeal.  Dkt. No. 641.

Defendant has now filed the Motion to Vacate asking the Court to vacate his judgment and sentence pursuant to Federal Rules of Civil Procedure 60(b) and 60(d)(3). Dkt. No. 643. Specifically, Defendant's Motion to Vacate raises challenges to his underlying conviction alleging that the Government perpetrated a fraud upon the Court. *Id*. The Government filed its Motion to Dismiss in opposition to Defendant's Motion to Vacate arguing that various procedural bars preclude Defendant's requested relief. Dkt. No. 646.

## AUTHORITY AND ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Similarly, Rule 60(d)(3) of the Federal Rules of Civil Procedure allows a court to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3). Neither Rule 60(b) nor 60(d)(3), however, apply to a criminal proceeding. *See United States v. Twitty,* 839 Fed. Appx. 225, 258 (10th Cir. 2020) (unpublished)[2]; *United States v. Spry*, 260 Fed. Appx. 52, 54 (10th Cir. 2008) (unpublished); *United States v. Ramirez*, 211 Fed. Appx. 712, 714 (10th Cir. 2007) (unpublished); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (same). Further, Rule 60 does not provide an independent source of jurisdiction in a criminal case. *Id*.; *see also United States v. Johnson*, 159 Fed. Appx. 835, 838-39 (10th Cir. 2005) ("[W]hile Federal Rule of Civil Procedure 60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 533-34 (2005), and citing *Mosavi*,

---

[2] Unpublished cases are not precedential but may be cited for persuasive value. *See* Fed. R. App. P. 32.1.

138 F.3d at 1366)). For these reasons, the Court finds that Federal Rules of Civil Procedure 60(b) and 60(d)(3) do not provide any basis for Defendant's requested relief here.

Furthermore, "[i]t is the relief sought, not [the] pleading's title" that controls. *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (quoting *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)). Although Defendant purports to seek relief under Federal Rules of Civil Procedure 60(b) and 60(d)(3), upon further review, the Motion to Vacate appears to fall under 28 U.S.C. § 2255. Under § 2255 a prisoner in custody may seek to set aside his sentence if he claims the conviction or sentence was in error. 28 U.S.C. § 2255.

A "post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction." *Baker*, 718 F.3d at 1207 (citing *Nelson*, 465 F.3d at 1147). Section 2255(h) states that a second or successive motion must first be certified by the appropriate court of appeals to ensure that the motion meets certain criteria. 28 U.S.C. § 2255(h). "[A] motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." *Id.* (citing *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

In his Motion to Vacate, Defendant argues that his judgment and sentence must be vacated as both were based upon "fraudulent representations, non-existent evidence, false testimony, and fraudulent omissions by the Government . . . ." Dkt. No. 643 at 2. Here, Defendant asserts claims of error in his conviction; more specifically, he challenges his underlying conviction and sentence based upon fraud on the Court. The Court, therefore, construes the Motion to Vacate as a motion made under § 2255.

Defendant first filed a § 2255 motion in this case on September 22, 2014.  Dkt. No. 513. That motion was denied.  Dkt. No. 552.  The Tenth Circuit then denied Defendant's motion for authorization to file a second successive § 2255 motion.  *See In re Clark*, 837 F.3d 1080, 1083 (10th Cir. 2016).

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 [ ] claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).  "When a second or successive [ ] § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id*. (citing *Spitznas v. Boone*, 464 F.3d 1213, 1227 (10th Cir. 2006) ("Since the claim was successive . . . the district court . . . could only dismiss the petition or transfer it to us for certification.")).

Because Defendant has previously filed a § 2255 motion, Defendant's Motion to Vacate constitutes a second or successive § 2255 motion.  Defendant has not shown that he has obtained authorization from the Tenth Circuit to file a second or successive § 2255 motion.  Therefore, the Court finds that it lacks jurisdiction to address the merits of Defendant's Motion to Vacate. Further, because the Tenth Circuit has previously denied Defendant's request to file a second or successive § 2255 motion, the Court finds that dismissal is appropriate.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate Sentence to Remedy the United States Fraud Upon the Court and Due Process Violation [Dkt. No. 643] is DISMISSED and the Government's Motion to Dismiss Defendant's Rule 60 Motion [Dkt. No. 646] is GRANTED.

DATED this 23rd day of January 2025.

                                                                    _____
                                                                    JOHN F. HEIL, III
                                                                    UNITED STATES DISTRICT JUDGE