**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**RICHARD CLARK,**<br><br>　　　　　　**Defendant.** | Case No. 09-CR-013-JFH-2 |

**OPINION AND ORDER**

Before the Court is a Response to the Government's Motion to Dismiss and Court's Dismissal of Clark's Brady Violation Motion filed by Defendant Richard Clark ("Defendant"). Dkt. No. 649. In this filing, Defendant asks the Court to reconsider its order [Dkt. No. 647] granting the Government's Motion to Dismiss ("Motion to Dismiss") [Dkt. No. 646] and dismissing Defendant's Motion to Vacate Sentence to Remedy the United States Fraud Upon the Court and Due Process Violation ("Motion to Vacate") [Dkt. No. 643]. *Id*. Based upon the requested relief, the Court construed this filing, in part, as a motion to reconsider ("Motion to Reconsider").[1] *See* Dkt. No. 651. For the reasons set forth below, Defendant's Motion to Reconsider [Dkt. No. 649] is DENIED.

**BACKGROUND**

On December 17, 2024, Defendant filed his Motion to Vacate, asking the Court to vacate his sentence under Rule 60 of the Federal Rules of Civil Procedure. Dkt. No. 643. As Rule 60 does not provide relief in the criminal context, the Motion to Vacate was construed and docketed

---

[1] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citations omitted).

as a motion made pursuant to 28 U.S.C. § 2255.[2] The Court directed the Government to respond. Dkt. No. 645. In response, the Government filed its Motion to Dismiss arguing that the Court lacked jurisdiction to decide the Motion to Vacate on the merits. Dkt. No. 646. Defendant did not file a response to the Motion to Dismiss by his January 21, 2025 deadline and the Court, finding that both the Motion to Vacate and Motion to Dismiss were ripe for ruling, issued an opinion and order ("Order") dismissing the Motion to Vacate. Dkt. No. 647. Specifically, the Court found that Rule 60 of the Federal Rules of Civil Procedure did not provide a basis to vacate Defendant's sentence and, further, that the Court did not have jurisdiction to address the merits of Defendant's Motion to Vacate under 28 U.S.C. § 2255. Dkt. No. 647. Defendant then filed the Motion to Reconsider.[3]

## AUTHORITY AND ANALYSIS

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)); *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete,* 204 F.3d at 1012 (internal citations omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

---

[2] *See id.*

[3] Defendant also filed a motion for extension of time to file a response to the Motion to Dismiss. However, this motion was filed on January 29, 2025, after Defendant's response deadline had already passed and after the Court had issued its Order. For these reasons, the motion was denied. Dkt. No. 650.

## ANALYSIS

Defendant's Motion does not offer an intervening change in controlling law, nor any new evidence previously unavailable. Rather, Defendant argues that the Court has misapprehended Defendant's position in his Motion to Vacate. Dkt. No. 649 at 1-2. Specifically, Defendant argues that his Motion to Vacate should not have been construed as a second or successive § 2255 motion, but rather as a "Brady Motion." *Id.* at 1. Defendant argues that he "invoked Rule 60(d)" to assert Brady violations against the Government as he "does not qualify for filing a [§] 2255 Motion." *Id.* at 2. However, as explained earlier, the Court evaluated Defendant's Moton to Vacate within the context of Rule 60 and found that it did not provide a basis to vacate Defendant's sentence. Specifically, Rule 60 is not applicable to criminal proceedings. *See* Dkt. No. 647 at 2-3 (collecting cases). Nothing in Defendant's Motion to Reconsider changes the Court's analysis under Rule 60.

Next, Defendant argues that his Motion to Vacate could not be read as a § 2255 motion because he is no longer in custody. Dkt. No. 649 at 1-2. The Court notes, however, that the "in custody" requirement in § 2255 has been broadly construed. *See United States v. Meador*, 45 F. Supp. 2d 1263, 1264 (N.D. Okla. 1999) (citing *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994); *Maleng v. Cook*, 490 U.S. 488, 491–492, (1989)). Although a habeas petitioner cannot be construed to be "in custody" under a conviction when the sentence imposed is fully expired at the time his petition is filed, physical confinement is not necessary. *Scanio*, 37 F.3d at 860 (citing *Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *Maleng*, 490 U.S. at 491). In other words, an individual may be considered "in custody" under § 2255 where that individual remains under some restraint from the conviction—such as, for example, under a term of supervised release—regardless of whether they have been released from physical confinement. *Id.* Here, Defendant remains under an order of restitution from the conviction, which appears to be a central issue in

Defendant's Motion to Vacate. While the Court is not deciding here whether Defendant remains "in custody" for purposes of § 2255, it simply finds that, to the extent the Motion to Vacate can be construed as a § 2255 motion, the Court lacks jurisdiction to consider such a motion. Nothing in Defendant's Motion to Reconsider changes the Court's analysis as it relates to § 2255.

Because Defendant has failed to demonstrate that reconsideration of the Court's Order [Dkt. No. 647] is appropriate or warranted, Defendant's Motion for Reconsideration must be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider [Dkt. Nos. 649, 651] is DENIED.

Dated this 21st day of February 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE