IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**RICHARD CLARK,**<br><br>    **Defendant.** | Case No. 09-CR-013-JFH-2 |

## OPINION AND ORDER

Before the Court is a pleading titled "Motion to Amend Clark's Sentence to Remedy the Egregious and Prejudicial Misconduct of the United States Attorneys that Violated Clark's Constitutional Due Process Rights Pursuant to Brady, Whitley, and Giglio" ("Motion to Amend") filed pro se by Defendant Richard Clark ("Defendant"). Dkt. No. 653. Also before the Court is a pleading titled "Motion to Appoint Clark Legal Counsel to Protect His Constitutional Rights During Sentencing that the United States Violated Pursuant to Brady" ("Motion to Appoint Counsel") filed pro se by Defendant. Dkt. No. 653.

Upon review, the Court has determined that the Motion to Amend [Dkt. No. 653] is substantively indistinguishable from Defendant's pleading titled "Motion to Vacate Sentence to Remedy the United States Fraud Upon the Court and Due Process Violations" ("Motion to Vacate") [Dkt. No. 643], which the Court dismissed for lack of jurisdiction [Dkt. No. 647]. While the Motion to Vacate [Dkt. No. 643] purported to seek relief pursuant to Federal Rule of Civil Procedure Rule 60, the Motion to Amend [Dkt. No. 653] purports to seek relief pursuant "*Brady/Giglio/Whitley*." However, just as Fed. R. Civ. P. 60 provided no basis for the requested

relief, "*Brady/Giglio/Whitley*" also provides no individual basis for the requested relief.[1] Additionally, as explained in the Court's order dismissing the Motion to Vacate, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 [ ] claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." Dkt. No. 647 at 4 (quoting *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)). Therefore, even if the Court construed the Motion to Amend as a motion made pursuant to 28 U.S.C. § 2255, the Court would lack jurisdiction to address the merits of the motion because Defendant has previously filed a § 2255 motion and has not received the required authorization.[2] For these reasons, the Motion to Amend [Dkt. No. 653] must be dismissed for lack of jurisdiction.

Likewise, the Motion to Appoint Counsel [Dkt. No. 654] must also be dismissed for lack of jurisdiction. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Given the procedural posture of this case, the Court's jurisdiction is strictly limited:

> Once a judgment of conviction has been entered, a prison sentence has been imposed and the defendant has begun the service of his term, jurisdiction of the court over the defendant and the criminal proceedings comes to an end except for such remedies as may be provided by the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or the all-writs section, 28 U.S.C. § 1651.

*United States v. Cranford*, 2024 WL 4314197 at *1 (N.D. Okla. Sep. 26, 2024) (quoting *United States v. Rector*, 2008 WL 5135706 (E.D. Cal. Dec. 3, 2008)); *see also United States v. Gernie*,

---

[1] *See e.g., United States v. Gutierrez*, 645 Fed. Appx. 607, 608 (10th Cir. 2016) (unpublished) (citing *United States v. Fuller*, 421 Fed. Appx. 642, 645 (7th Cir. 2011) (holding that a *Brady* claim "constitutes a collateral attack on a conviction that must be brought in a motion under 28 U.S.C. § 2255")).

[2] *See United States v. Guiterrez*, 762 Fed. Appx. 579, 583 (10th Cir. 2019) (unpublished) (holding that "[t]he district court's procedural ruling construing [the defendant's] *Brady* claim as an unauthorized second or successive § 2255 claim and dismissing it for lack of jurisdiction is not reasonably debatable.").

228 F. Supp. 329, 332 (S.D.N.Y. 1964)). As explained above, the Court does not have jurisdiction to consider a second or successive § 2255 motion and, likewise, does not have jurisdiction to appoint counsel for Defendant at this juncture in the case.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Amend [Dkt. No. 653] is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that Defendant's Motion to Appoint Counsel [Dkt. No. 654] is DISMISSED for lack of jurisdiction.

Dated this 14th day of April 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE