IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RICHARD CLARK,**<br><br>**Defendant.** | Case No. 09-CR-013-2-JFH |

## OPINION AND ORDER

Before the Court is a Petition for Writ of Error Coram Nobis ("Petition") filed pro se by Defendant Richard Clark ("Defendant"). Dkt. No. 656. Defendant's Motion asks the Court for the extraordinary relief of a writ of error coram nobis to "annul[], amend[], reverse[], vacate[], or declare[] void" his "sentence and financial punishment." *Id*. at 2. Also before the Court is Defendant's Motion to Appoint Legal Counsel Pursuant to Clark's Writ of Coram Nobis ("Motion for Counsel"). Dkt. No. 658. The United States of America ("Government") filed a response in opposition to the Petition. Dkt. No. 659. For the following reasons, both the Petition and the Motion for Counsel are denied.

## BACKGROUND

The extensive background and history of this case has been thoroughly outlined by this Court by a previous order [Dkt. No. 631] denying Defendant's first motion for issuance of a writ of error coram nobis [Dkt. No. 628]. The Court therefore incorporates by reference the background section set forth in Dkt. No. 631 as if fully set forth herein. Since this previous order, Defendant has filed a motion to reconsider [Dkt. No. 632] which was denied, an appeal to the Tenth Circuit Court of Appeals [Dkt. No. 635] which was dismissed, a motion to vacate or set aside sentence

pursuant to 28 U.S.C. § 2255 [Dkt. No. 643] which was denied, and a motion to amend sentence [Dkt. No. 653] which was denied. Defendant now seeks relief under a second request for a writ of error coram nobis.

## DISCUSSION

### I.  Petition for Writ of Error Coram Nobis [Dkt. No. 656]

#### A.  Standard

The issuance of a writ of error coram nobis is authorized by 28 U.S.C. § 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A writ of error corum nobis is an extraordinary remedy and may only issue under the most compelling circumstances. *United States v. Morgan*, 346 U.S. 502, 511 (1954). "Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be 'allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'" *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (quoting *Morgan*, 346 U.S. at 511). In other words, a writ will not issue unless the petitioner shows that the underlying error resulted in a "complete miscarriage of justice." *United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994) (holding that the coram nobis petitioner must assert actual innocence); *see also Klein,* 880 F.2d at 253 ("[T]he burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice."). The United States Supreme Court has observed that under this strict standard, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal citations and quotations omitted).

Additionally, a writ of coram nobis is only available when other remedies and forms of relief are unavailable or inadequate. *See Morgan,* 346 U.S. at 512, 74 S.Ct. 247. "[C]oram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition." *Klein,* 880 F.2d at 254, n.1 (internal citations omitted); *see also United States v. Schreier*, 81 F.3d 173 (10th Cir. 1996) (unpublished) (holding that a writ of coram nobis is unavailable to relitigate issues already litigated); *Embray v. United States*, 240 Fed. Appx. 791, 794 (2007) (unpublished) (holding that a writ of coram nobis may not be employed to litigate issues that have been raised on direct appeal or in other, collateral litigation).[1]

**B.    Analysis**

Defendant asserts three general arguments in support of his Petition. Defendant first argues that the Government submitted an unverified list of victims and losses to the United States Probation Office and the Court, which led to a sentence based upon an incorrect number of victims and calculation of losses. Dkt. No. 656 at 10-11. Defendant argues that he did not become aware of this issue until he received copies of his co-defendants' sentencing documents in response to a Freedom of Information Act request in 2023. *Id*. at 6. However, Defendant raised the issue of unverified victims and losses in his sentencing memorandum filed prior to his 2010 sentencing hearing. *See* Dkt. No. 298 at 11 ("The victim claims offer uncorroborated amounts of uncorroborated losses of uncorroborated purchases of stocks . . . These claims are neither reliable nor sufficiently corroborated [and] the Government has failed to satisfy its burden for loss calculation . . . ."). Following sentencing, Defendant appealed his judgment to the United States

---

[1] "Unpublished opinions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A), 28 U.S.C.; *see also United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Court of Appeals for the Tenth Circuit. Dkt. No. 328. Defendant could have, but did not, raise the issue of unverified victims and losses on appeal.

A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is no longer available. *See Morgan*, 346 U.S. at 512 (holding that coram nobis relief is available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief). Contrary to Defendant's assertion that the issue of unverified victims and losses was not brought to his attention until 2023, this issue was actually raised by Defendant in his 2010 sentencing memorandum. Although it could have been, it was not bought by direct appeal to the Tenth Circuit following his sentencing. For these reasons, the Court finds that a writ of error coram nobis is not appropriate as to this issue.

Next, Defendant argues that Rita Bartlett, who testified as a victim at Defendant's sentencing hearing, provided false testimony which led to "the imposition of a more severe and unconstitutionally severe punishment." Dkt. No. 656 at 12. Apparently, Defendant believes Ms. Bartlett's testimony was false because her losses were not verified. *Id*. at 13, 16. Again, the issue of unverified victims and losses was advanced in Defendant's sentencing memorandum and, specifically, concerns regarding Ms. Bartlett were raised. Dkt. No. 298 at 11. However, like the issue of unverified victims and losses, Defendant could have, but did not, raise the issue of Ms. Bartlett's testimony on appeal. Following, the Court finds that a writ of error coram nobis is not appropriate as to this issue.

Finally, Defendant argues that a writ of error coram nobis ought issue because his sentence was disproportionate to the sentences received by his co-defendants. Dkt. No. 656 at 19-21. Disparity in sentences among co-defendants is permissible "where the disparity is explicable by

the facts on the record." *United States v. Garza*, 1 F.3d 1098 (10th Cir. 1993) (finding disparity appropriate where differences in participation, culpability, criminality, and conduct) (quoting *United States v. Goddard*, 929 F.2d 546, 550 (10th Cir. 1991) (disparate sentences were warranted, due in part to the level of active involvement of each of the defendants). The Court further notes that Defendant's sentence was within the advisory guideline range under the United States Sentencing Guidelines. Dkt. No. 321. "[W]hen a district judge's discretionary decision in a particular case accords with the sentence the United States Sentencing Commission deems appropriate 'in the mine run of cases,'" it is presumed that the sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 40 (2007) (internal citation omitted). Although his sentence may have differed from his co-defendants, Defendant has not demonstrated any error resulting in a complete miscarriage of justice. Therefore, the Court finds that a writ of error coram nobis is also not appropriate as to this issue. Accordingly, Defendant's Petition must be denied.

## II.   Motion to Appoint Legal Counsel Pursuant to Clark's Writ of Coram Nobis [Dkt. No. 658]

Defendant seeks to have legal counsel appointed to assist him with his request for relief via writ of error coram nobis. Dkt. No. 658. As the Court has denied Defendant's Petition, Defendant's Motion for Counsel is now moot and, therefore, denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Petition for Writ of Error Coram Nobis [Dkt. No. 656] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Appoint Legal Counsel Pursuant to Clark's Writ of Coram Nobis [Dkt. No. 658] is DENIED as moot.

Dated this 21st day of July 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE