## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| | Case No. 09-CR-013-2-JFH |
| v. | |
| RICHARD CLARK, | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is a Motion for Reconsideration ("Motion to Reconsider") filed pro se by Defendant Richard Clark ("Defendant"). Dkt. No. 663. Defendant asks the Court to reconsider its Opinion and Order ("Order") [Dkt. No. 660] denying Defendant's Petition for Writ of Error Coram Nobis ("Petition for Writ") [Dkt. No. 656].

Although not explicitly provided for in the Federal Rules of Criminal Procedure, motions to reconsider are proper and cognizable in criminal cases. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, these motions are generally considered to be extraordinary relief, and the trial court has discretion in determining whether such a motion should be granted or denied. *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012. Additionally, reconsideration may be appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A motion to reconsider is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In support of his Motion to Reconsider, Defendant appears to argue that reconsideration is proper due to new evidence. However, for purposes of the Motion to Reconsider, the new evidence must have been unavailable to Defendant at the time of the original motion—in this instance, the Petition for Writ. *See Does*, 204 F.3d at 1012. The Court understands that it is Defendant's position that the evidence regarding unverified restitution amounts was discovered by him after the sentencing hearing. The Court took this argument into consideration when deciding the Petition for Writ. However, Defendant has not shown here that any new evidence has emerged since the Petition for Writ which was not previously available to Defendant at that time. Defendant also does not point to an intervening change in the controlling law, nor has he demonstrated the need to correct clear error or prevent manifest injustice. Even construing the Motion to Reconsider liberally, the Court finds that it merely revisits issues and advances previous arguments and is supported by facts which were available to Defendant at the time of the Petition for Writ. For these reasons, Defendant's Motion to Reconsider [Dkt. No. 663] is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration [Dkt. No. 663] is DENIED.

Dated this 14th day of August 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE